# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ISN SOFTWARE CORPORATION, )
                                )
      Plaintiff,               )
                                )
     v.                      )     C.A. No. N18C-08-016 MMJ
                                )
RICHARDS, LAYTON & FINGER, )     COMPLEX COMMERCIAL
P.A., RAYMOND J. DICAMILLO, )     LITIGATION DIVISION
AND MARK J. GENTILE,       )
                                )
      Defendants.           )

Submitted: January 10, 2019
Decided: February 18, 2019

On Defendant's Motion to Dismiss for Failure to State a Claim
**GRANTED**

## MEMORANDUM OPINION

Christopher H. Lee, Esquire (Argued), Blake A. Bennett, Esquire, Cooch and Taylor, P.A., Timothy S. Perkins, Esquire, Underwood Perkins, P.C., Attorneys for Plaintiff

P. Clarkson Collins, Jr., Esquire, Carl N. Kunz, III, Esquire, Kathleen A. Murphy, Esquire, Morris James LLP., George M. Kryder, Esquire (Argued), Melissa L. James, Vinson & Elkins LLP, Attorneys for Defendants

**JOHNSTON, J.**

1

## PROCEDURAL AND FACTUAL CONTEXT

Defendants Richards, Layton & Finger, P.A., Raymond J. DiCamillo, and Mark J. Gentile, seek dismissal of this legal malpractice action on the grounds that the claims of Plaintiff, ISN Software Corporation, are time-barred. For the reasons detailed herein, this action is dismissed with prejudice.

Following is the timeline of undisputed facts.

- November 2012 - Plaintiff requested legal advice from Defendants regarding Plaintiff's options to buy back its own shares in order to convert from a C-Corp to an S-Corp.

- Defendants developed a merger designed to cash-out three of the four non-qualifying stockholders at $38,317 per share. These stockholders (holding a total of 356 shares) would obtain appraisal rights. The fourth stockholder (holding 544 shares) would remain a stockholder and would not obtain appraisal rights.

- Plaintiff's Buyout Reserve held sufficient funds to purchase all 900 shares at $38,317 per share. However, if the Court of Chancery determined at the conclusion of an appraisal action that the share value was greater than $38,317, the Buyout Reserve could be exceeded.

- January 9, 2013 - Merger consummated.

- January 15, 2013 - Defendants notified Plaintiff's counsel that the advice concerning appraisal rights was erroneous. All four stockholders in fact obtained appraisal rights.

- January 16, 2013 - The four non-qualifying stockholders were notified of their appraisal rights.

- January 17, 2014 - One stockholder (holding 155 shares) accepted the cash merger consideration of $38,317 per share.

2

- January 30, 2013 - The other three stockholders indicated they might seek appraisal.

- February 14, 2013 - Plaintiff and Defendants executed a conflict consent agreement ("Consent Letter").

- April 2013 - Appraisal action filed in the Court of Chancery.

- August 11, 2016 - The Court of Chancery issued its opinion valuing the shares at $98,783 per share. The total share value exceeded Plaintiff's Buyout Reserve by more than $67 million.

- October 30, 2017 - August 11, 2016 decision affirmed by the Delaware Supreme Court.

- August 1, 2018 - Plaintiff filed this legal malpractice action against Defendants.

In the Consent Letter, Defendants acknowledge that continued representation of Plaintiff would create a "potential conflict" because "litigating issues arising from a law firm's prior legal work may generate a conflict of interest...." The Consent Letter further states that "there may be an issue" concerning Defendants' advice as to "the availability of appraisal rights in connection with the merger...." However, Defendants opined that "the availability of appraisal rights is not likely to be at issue in an appraisal proceeding." Finally, the Consent Letter provides that neither Plaintiff's "consent nor any other provision of this letter constitutes a waiver or release of potential causes of action [Plaintiff] may have against the firm, if any."

3

## MOTION TO DISMISS STANDARD

In a Rule 12(b)(6) Motion to Dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[1] The Court must accept as true all well-pleaded allegations.[2] Every reasonable factual inference will be drawn in the non-moving party's favor.[3] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[4]

## ANALYSIS

For purposes of this Motion to Dismiss, the cause of action is based on erroneous legal advice provided by Defendants in connection with a merger. The applicable statute of limitations, governing a tort such as legal malpractice, is three years, pursuant to 10 *Del. C.* § 8106(a). The statute begins to run at the time of the alleged malpractice. Ignorance of the facts constituting a cause of action is not an obstacle to the limitations period unless the injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act.[5]

---

[1] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[2] *Id.*
[3] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del.2005)).
[4] *Spence*, 396 A.2d at 968.
[5] *Boerger v. Heiman*, 965 A.2d 671, 674 (Del. 2009).

4

Plaintiff argues that the statute of limitations began to run on August 11, 2016 - the date of the Court of Chancery opinion. Before that time, Plaintiff asserts, the possibility of damages was merely speculative. Before the appraisal decision, there was no loss resulting from the alleged negligent act. Additionally, if the appraisal action had resulted in a share value lower than the cash-out price, it is possible that Plaintiff actually would have benefitted from the incorrect legal advice. Further, Defendants' refusal to turn over the entire file to Plaintiff allegedly deprives Plaintiff of access to evidence that might support tolling the statute of limitations. Finally, Delaware public policy counsels against Defendants' arguments.

The elements of a legal malpractice claim are: (1) an attorney-client relationship; (2) a negligent act by the attorney; and (3) the negligent act proximately caused resulting injury.[6] The attorney must have caused more than theoretical damage to the client. The mere breach of professional duty causing only speculative harm is not sufficient to create a cause of action for negligence.[7]

### Accrual of a Legal Malpractice Cause of Action in Delaware

The three-year statute of limitations begins to run when the alleged malpractice is, or should have been, discovered.[8] The time of discovery has been

---

[6]*Rich Realty, Inc.v. Meyerson & O'Neill*, 2014 WL 1689966, at *3 (Del. Super.).
[7]*Balinski v. Baker*, 2013 WL 4521199, at *3 (Del. Super.).
[8]*Boerger v. Heiman*, 2007 WL 3378667, at *5 (Del. Super.).

defined as the point at which the client had knowledge of the potential for liability.[9] Injury is the potential for measurable damages, or a known risk of harm or future loss.

Time of discovery is an objective standard. Unless the injury is inherently unknowable, and the client blamelessly ignorant, the test is when the malpractice was discernable by a reasonably diligent plaintiff.[10] Even when the client may not know the precise legal significance of the attorney's allegedly negligent act, awareness of a defect or problem created by the attorney's actions starts the running of the statute of limitations.[11] Subsequent cooperative efforts by the attorney and client to resolve the problem do not toll the limitations period.[12]

A cause of action for professional malpractice accrues as soon as the wrongful act occurs.[13] It does not matter that at the time of the negligent act, the client has not yet suffered a loss. Exposure to the risk of loss is sufficient injury to create an actionable claim for application of the statute of limitations.[14] A final determination

---

[9]*Id.* at *6 (when alleged negligent corporate restructuring resulted in substantial tax liability, the statute of limitations ran from the time the client had knowledge of the potential for tax liability, not the time the actual tax liability was realized).

[10]*David B. Lilly Co., Inc. v. Fisher*, 799 F.Supp. 1562, 1565-69 (D. Del. 1992), *aff'd*, 18 F.3d 1112 (3d Cir. 1994) (statute of limitations ran from the time the corporate restructuring became final and the alleged negligent legal advice actually was relied upon, not from the time the client realized that the flawed corporate structure impeded its ability to obtain government contracts).

[11]*Northern Delaware Aquatic Facilities, Inc. v. Cooch & Taylor*, 2007 WL 4576347, at *5-6 (Del. Super.).

[12]*Id.* (statute of limitations was triggered at the time the client was on notice of a problem with the deed, and was not tolled by the client obtaining the advice of new counsel).

[13]*Albert v. Alex Brown Management Services, Inc.*, 2005 WL 1594085, at *18 (Del. Ch.).

[14]*Id.*

of the existence of damages, or the precise measure of damages, is not required for accrual of a claim.[15]

In this case, the alleged wrongful act was Defendants' advice that one of the four non-qualifying stockholders would not be entitled to seek appraisal. It is undisputed that Plaintiff was on actual notice of the erroneous nature of the advice on January 15, 2013. In the February 14, 2013 Consent Letter, Defendants admitted that "there may be an issue" concerning Defendants' advice as to "the availability of appraisal rights in connection with the merger...." Plaintiff does not dispute that it was aware as of execution of the Consent Letter, that all non-qualifying stockholders had appraisal rights. As of April 2013, an appraisal action was filed. Plaintiff knew (or should have known) of the potential for financial loss if the appraisal action resulted in a share valuation that would exceed the Buyout Reserve.

The Court finds that Plaintiff's cause of action against Defendants accrued on the date Plaintiff explicitly was informed of Defendants' erroneous advice – January 15, 2013. At the very latest, the statute of limitations began to run as of the filing of the appraisal action in the Court of Chancery. At that time, Plaintiff was aware of the potential for damages (appraisal in excess of the Buyout Reserve), even though

---

[15]*Isaacson, Stolper & Co. v. Artisan's Savings Bank,* 330 A.2d 130, 131-32 (Del. 1974) (statute of limitations began to run when plaintiff first received notice from the IRS of a "statutory deficiency," even though plaintiff contested the deficiency and there was not yet a final determination of taxes owed).

7

there was not yet a determination of the precise measure of damages, or even whether damages ultimately would be suffered. The risk of loss and potential damages constitute the injury necessary to meet the third element of a legal malpractice action. An injured client need not wait to bring a legal malpractice action until the client has suffered a measurable financial loss.

### Tolling the Statute of Limitations

The three-year statute of limitations may be tolled if the injury is inherently unknowable and the client is blamelessly ignorant of the alleged wrongful act.[16] The attorney error constituting malpractice must be ascertainable to be actionable.[17]

The burden of pleading facts sufficient to demonstrate tolling of the statute of limitations is on Plaintiff.[18] Plaintiff must allege "an affirmative act of concealment by a defendant - an actual artifice that prevents a plaintiff from gaining knowledge of the facts or some misrepresentation that is intended to put a plaintiff off the trail of inquiry."[19]

Plaintiff's argument that the statute of limitations may be tolled by fraudulent concealment is unavailing. Positing a "worst" case scenario, Plaintiff requests that

---

[16]*Boerger*, 2007 WL 3378667, at *5.
[17]*See Young Conaway Stargatt & Taylor, LLP v. Oki Data Corp.*, 2014 WL 4102139, at *3 (Del. Super.) (Court not willing to "stretch the statute of limitations" to find that the continuous representation rule tolled the statute of limitations, however, the legal malpractice claim survived summary judgment because the alleged issues surrounding document production could not be resolved without discovery).
[18]*Albert*, 2005 WL 1594085, at *19.
[19]*Carsanaro v. Bloodhound Techs., Inc.*, 65 A.3d 618, 647 (Del. Ch. 2013).

8

the Court infer that Defendants' "advice to continue with the merger was self-serving and nothing more than an effort to delay until the statute of limitations expired."[20] Even these purported facts do not demonstrate fraud for purposes of tolling. Defendants informed Plaintiff of the erroneous advice within days of consummation of the merger.

Further, upon close questioning by the Court during oral argument on its Motion to Dismiss, Plaintiff conceded that, at this juncture, the fraud allegations are speculative. Plaintiff was unable to state even a tentative factual supposition in support of fraud. Plaintiffs have failed to assert even a theoretical factual scenario that might be confirmed by examination of those portions of the client file still retained by Defendants.[21] Without such a showing, there is no basis for tolling the statute of limitations on the grounds of fraudulent concealment.[22] All allegations of fraud must be pled with particularity pursuant to Superior Court Civil Rule 9(b).

The Consent Letter provides that neither Plaintiff's "consent nor any other provision of this letter constitutes a waiver or release of potential causes of action [Plaintiff] may have against the firm, if any." The Consent Letter could have

---

[20]Plaintiff's Ans. Br. at pp. 22-23.
[21]Defendants have stated that they have turned over all portions of the file as required by the Delaware Lawyers' Rules of Professional Conduct and interpretive case law.
[22]*See Oropeza v. Maurer*, 2004 WL 2154292, at *1 (Del.).

contained a tolling agreement, but it did not. Defendants acknowledged that Plaintiff had a potential cause of action against the law firm.[23]

The appraisal case spanned more than three and one-half years. A malpractice action could have been filed in this Court, well within the limitations period. The malpractice action could have been stayed pending resolution of the appraisal value, in order to ascertain the precise measure of damages.

---

[23]Defendants have not admitted liability for legal malpractice. However, Defendants have not disputed that the legal advice, regarding appraisal rights of one of the non-qualifying stockholders, was erroneous.

## CONCLUSION

Plaintiff's legal malpractice claim accrued as of the date Defendants notified Plaintiff's counsel of the erroneous nature of the legal advice – January 15, 2013. At the latest, the statute of limitations began to run when the appraisal action was filed in April 2013. The three-year statute of limitations set forth in 10 *Del. C.* § 8106(a) terminated no later than April 2016, over two years before this action was filed. The Court finds that Plaintiff has failed to demonstrate any basis for tolling the limitations period.

**THEREFORE,** Defendant's Motion to Dismiss for Failure to State a Claim is hereby **GRANTED.** The applicable statute of limitations bars this action, which is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

11